Dear Mr. LaRussa:
This office is in receipt of your opinion request where you ask us to consider if the Executive Director of the Slidell Housing Authority may also hold an elected position as parish council member of Terrebonne Parish Consolidated Government Parish Council under the Louisiana Dual Office-holding Laws, LSA-R.S.42:61, et seq. Specifically, you ask us to consider the following:
 (1) Does the position of Executive Director of a housing authority constitute a "full-time appointive office in the government of this state or in the government of a political subdivision thereof" as stated in the prohibitory language of LSA-R.S. 42:63(D):
 (D) No person holding an elective office in political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
We respond affirmatively. Note that the position of Executive Director of the Slidell Housing Authority is considered a full time appointive office. This conclusion is drawn after application of the definitional section of the Dual Office-holding and Dual Employment Law, contained in LSA-R.S. 42:62, providing in pertinent part:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on any agency, board or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
The position of Executive Director is an appointive office "specifically authorized by the . . . . . laws of this state" pursuant to LSA-R.S. 40:495C(1), providing:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director. (Emphasis added).
Note further that we consider the housing authority to be a political subdivision of the state, as defined in LSA-R.S.42:62(9):
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, an all other elected parochial officials shall be separate political subdivisions.
We consider the case of Department of State Civil Servicevs. Housing Authority of East Baton Rouge, #95CA1959, (La.App. 1st Cir. 1996) to be supportive of our conclusion that the housing authority is a political subdivision of the state, as the court found public housing authorities to be instrumentalities of the state, at least for purposes of ArticleX, Section 1, of the 1974 Louisiana Constitution governing civil service systems.
Recently released Attorney General Opinion 96-176 would apply to the current situation, even though it refers to the governing authority position as a police juror and not a parish council member, because the same prohibitions apply. A copy of Attorney General Opinion 96-176 is attached.
 (2) May the Executive Director's contractual relationship with the housing authority serve to make the definitional sections of the dual office-holding laws inapplicable?
In your request, you refer us to Attorney General Opinion 93-190, where this office concluded that the contractual relationship a police juror had with the Assessor's office did not satisfy the requirements of `employment' as defined in LSA-R.S. 42:62(3), so the dual office-holding laws did not apply. This opinion would not control in the current situation, because the office of Executive Director of the Slidell Housing Authority is an "appointive office" as defined in LSA-R.S. 42:62(2) and not "employment" as defined in LSA-R.S. 42:62(3).
In conclusion, the Executive Director of the Slidell Housing Authority, a full-time appointive position within a political subdivision of the state, is prohibited by dual office-holding laws from simultaneously holding the elective office of council member of the Terrebonne Parish Consolidated Government.
Any ethical considerations under the Code of Governmental Ethics should be referred to Mr. Gray Sexton, Commission on Ethics for Public Employees, 8401 United Plaza Blvd., Suite 200, Baton Rouge, Louisiana, 70809.
If this office can be of any further assistance to you, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: June 12, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL